108 F.3d 1391
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benny GONZALES, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3153.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1997.
 
 Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Benny Gonzales, Jr., petitions for review from the decision of the Merit Systems Protection Board (Board), Docket No. DA0351950733-I-1, dismissing his case for want of jurisdiction. For the reasons set forth below, we vacate the Board's decision and remand the case for further proceedings consistent with this opinion.
 
 
 2
 * During the 1992-93 restructuring of the United States Postal Service (the agency), Mr. Gonzales was demoted from his position of Manager, Commercial Accounts, EAS-20, to the position of Postmaster, EAS-18. After Mr. Gonzales was demoted to the EAS-18 position, his old job at the EAS-20 level was not abolished. Instead, a nonpreference-eligible employee was put in that position. Subsequently, at a date not apparent from the record before us, the EAS-20 position of Manager, Commercial Accounts was changed to Manager, Sales, EAS-22. Apparently that position is now occupied by the nonpreference-eligible person who won Mr. Gonzales's job when he was unlawfully demoted.
 
 
 3
 Mr. Gonzales appealed his demotion to the Board, which reversed the agency action on the ground that the personnel action was part of a reorganization that required proper application of the extant Reduction in Force (RIF) regulations. As a result, the Board ordered the agency to return Mr. Gonzales to the status quo ante. Because the postal service was in the process of reorganization, the Board subsequently clarified the relief to which Mr. Gonzales is entitled: either the agency must restore Mr. Gonzales to his former position, or "place him, through RIF, in the position he would have been in if the agency had properly accomplished its restructuring in the first instance." Unhoch v. USPS, 66 M.S.P.R. 651, 655 (1995).
 
 
 4
 The agency issued a compliance RIF notice to Mr. Gonzales on April 17, 1995, in which it notified him that he would be placed in the position of Manager, Postal Business Center, EAS-20.
 
 II
 
 5
 Mr. Gonzales again appealed to the Board, this time challenging the legality of the compliance RIF. Under settled Board law, before an agency can invoke the RIF regulations based on abolishment of a position, "it must establish that an appellant's position was actually abolished and that it did not continue under a different grade or title." Evans v. Department of Navy, 64 M.S.P.R. 492, 496 (1994). Relying on this law, Mr. Gonzales argued to the Board that his compliance RIF is illegal because, by sworn affidavit, he asserts that his old EAS-20 position has not been abolished; instead, it has simply been renamed (Manager, Sales) with the same duties and upgraded to EAS-22.
 
 
 6
 The Administrative Judge assigned to hear Mr. Gonzales's appeal dismissed the appeal for want of jurisdiction. The Administrative Judge observed that Mr. Gonzales, pursuant to the compliance RIF, had been reassigned from one EAS-20 position to another, without loss of grade or pay. Consequently, the Administrative Judge concluded that Mr. Gonzales suffered no demotion and, therefore, failed to show any right to appeal to the Board. The Administrative Judge acknowledged Mr. Gonzales's argument that the compliance RIF was undertaken unlawfully but did not address that subject in his opinion. Mr. Gonzales appeals the Board's decision dismissing his case.
 
 III
 
 7
 In the ordinary course, a reassignment from one position to another without change in grade or pay, in connection with an otherwise lawful RIF, would afford an employee no right to appeal to the Board. In this case, however, Mr. Gonzales argued to the Board that his compliance RIF is legally flawed, in that it is premised on the abolishment of his former EAS-20 position, and the agency has failed to demonstrate that the former position did not exist at the time of the compliance RIF.
 
 
 8
 Mr. Gonzales's arguments in this court focus on his interpretation of the Board's decision in Unhoch, which is in stark contrast to the government's interpretation of that case. According to Mr. Gonzales, if an employee is not returned to his former position, any compliance RIF must put the employee in the position that he would have occupied if the agency had correctly conducted a RIF with regard to the specific employee at the time of the 1992-1993 events. Under this view of the relief permitted by Unhoch, one posits a hypothetical RIF at the time of the original unlawful personnel action, and asks to what position that employee would have been entitled, given his RIF rights. At that time, Mr. Gonzales argues, Evans would require him to be placed in his original EAS-20 job, which the agency has failed to prove did not exist at the time, and which has since been upgraded to EAS-22. He argues that the agency's compliance RIF is unlawful because it fails to do this.
 
 
 9
 The government reads the "compliance RIF" relief available under Unhoch differently. According to it, the "if the agency had properly accomplished its restructuring in the first instance" language in Unhoch means that the compliance RIF must be effected according to the rules at the time the compliance RIF is effected. Instead of positing a hypothetical RIF as of an earlier date, the government reads Unhoch to require nothing more, by way of a compliance RIF, than one which accords the employee his RIF rights as of the date the compliance RIF is effected. Although the government does not directly address Evans, its silence on this issue may suggest an argument that the rule in Evans should be relaxed in cases concerning compliance RIFs undertaken to cure unlawful personnel actions rendered by the agency during the 1992-93 events.
 
 
 10
 During the course of the oral argument in this court, the government's counsel suggested that Mr. Gonzales would be entitled, under Unhoch, to occupy the current EAS-22 Manager, Sales, position if it were determined that the EAS-20 Manager, Commercial Accounts, position was available at the time of the compliance RIF. During oral argument, the government's counsel also relied on a recent Board decision in a case styled Pritchett v. USPS, 72 M.S.P.R. 35 (1996). In that regard, the government argued that, to the extent Mr. Gonzales is mounting a constructive demotion claim, Pritchett holds that such a claim is not cognizable in a challenge to a RIF action. The government thus seems to contend that, even if Mr. Gonzales might prevail under Unhoch, his case would fail as a constructive demotion case under Pritchett.
 
 
 11
 The failure of the Administrative Judge to address Mr. Gonzales's challenge to the validity of the compliance RIF requires us to vacate the Board's decision and remand the case for further proceedings. We conclude that Mr. Gonzales is entitled to an adjudication by the Board concerning the legality of the compliance RIF. On remand, the Board must determine whether there is merit to Mr. Gonzales's contention that his old EAS-20 position existed at the time he received his compliance RIF notice. As we have explained above, this issue is intertwined with, and complicated by, the rule in Evans, the possible application of Pritchett to this case, and the extent of the agency's burden when conducting compliance RIF's under Unhoch. Given the complexity of these issues and their potential importance to the agency and its employees, prudence counsels that the Board resolve these issues in the first instance. The case is remanded for further proceedings to determine the legality of Mr. Gonzales's compliance RIF.